UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Biopolymer Engineering, Inc., and
Massachusetts Institute of Technology,

        Plaintiffs,

v.                                                            Civil No. 05-2972 (JNE/JJG)
                                                            ORDER

Immudyne, Inc.,

        Defendant.

        Granting preclusive effect to a Texas district court's judgment that Immudyne, Inc., has a license to U.S. Patent No. 5,702,719 ('719 Patent), the Court dismissed the claim of Biopolymer Engineering, Inc., for infringement of the '719 Patent in an Order dated May 27, 2008. On June 17, 2009, the Texas Court of Appeals reversed the judgment that Immudyne has a license to the '719 Patent and remanded for further consideration. Biopolymer Engineering now moves the Court to reconsider the dismissal of the claim for infringement of the '719 Patent.

        Immudyne contends that Biopolymer Engineering's motion is premature. According to Immudyne, the Texas district court's judgment remains in force until the Texas Court of Appeals issues its mandate. Because the Texas Court of Appeals has not issued its mandate, Immudyne contends that the Court should continue to give preclusive effect to the Texas district court's judgment.

        To support its argument, Immudyne relies on *Edwards Aquifer Authority v. Chemical Lime, Ltd.*, No. 06-911, 2009 WL 1817239 (Tex. June 26, 2009). In particular, Immudyne relies on a concurring opinion that asserts an appellate court's judgment generally becomes final and takes effect upon issuance of the mandate. 2009 WL 1817239, at *13 (Willett, J., concurring). Another concurring opinion reached a different result: "[A]s a general rule I would hold that our

1

decisions take effect when we issue a judgment." *Id.* (Brister, J., concurring). The Texas Supreme Court itself declined to establish a general rule that governs when an appellate court's decision takes effect:

> Whether, as a general matter, an appellate court's decision takes effect the moment the court issues its opinion, order, or judgment, or later when rehearing is denied or the time for rehearing expires, or still later when the clerk issues the mandate, is a difficult question under Texas law and procedure, as reflected by the competing arguments in Justice Brister's and Justice Willett's separate opinions, and one we need not answer today. We all agree that if an appellate court expressly states the time for its decision to take effect, that statement controls. That rule applies here.

*Id.* at *1; *see id.* at *6 ("The concurring opinions shed helpful light on [the problems in determining when, as a general matter, an appellate court decision takes effect] and strongly suggest that this is an aspect of Texas appellate procedure that could well benefit from more definite rules and procedures."). In light of the Texas Supreme Court's decision not to determine when, as a general matter, an appellate court's decision takes effect, the Court does not find Immudyne's reliance on one of the concurring opinions in *Edwards Aquifer* persuasive.

The Court notes that the United States Court of Appeals for the Fifth Circuit has stated that "it appears that a reversal by the [Texas] Court of Civil Appeals results in the immediate suspension of the judgment of the district court" even if the mandate has not issued. *In re Bohart*, 743 F.2d 313, 321 (5th Cir. 1984). Based on the Fifth Circuit's interpretation of Texas law, the Court rejects Immudyne's argument that Biopolymer Engineering's motion is premature.

Having reversed the Texas district court's judgment that Immudyne has a license to the '719 Patent and remanded for further consideration, the Texas Court of Appeals has removed the sole basis for the dismissal of Biopolymer Engineering's claim for infringement of the '719 Patent. Accordingly, the Court grants Biopolymer Engineering's motion for reconsideration.

In light of this conclusion, Immudyne asks the Court to postpone the trial. The Court has scheduled this case for trial in September 2009. The Court declines to postpone it.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Biopolymer Engineering's Motion for Reconsideration [Docket No. 163] is GRANTED.

2. The May 27, 2008, Order [Docket No. 155] is VACATED to the extent it dismisses Biopolymer Engineering's claim for infringement of the '719 Patent.

Dated: July 14, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
