UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Biopolymer Engineering, Inc., d/b/a Biothera,
a Minnesota corporation, and Massachusetts
Institute of Technology,

        Plaintiffs,

v.                                                Civil No. 05-2972 (JNE/JJG)
                                                  ORDER

Immudyne, Inc.,

        Defendant.

---

Darren B. Schwiebert, Esq., and Grant D. Fairbairn, Esq., Fredrikson & Byron, P.A., appeared for Plaintiffs Biopolymer Engineering, Inc., d/b/a Biothera and Massachusetts Institute of Technology.

Kevin D. Conneely, Esq., and David D. Axtell, Esq., Leonard, Street and Deinard, P.A., appeared for Defendant Immudyne, Inc.

---

This case is scheduled for trial starting on September 14, 2009. Biopolymer Engineering, Inc., d/b/a Biothera (Biothera) and Massachusetts Institute of Technology (MIT) (collectively, Plaintiffs) assert that Immudyne, Inc., infringes the following patents: (1) U.S. Patent No. 4,992,540; (2) U.S. Patent No. 5,097,972; (3) U.S. Patent No. 6,020,324; (4) U.S. Patent No. 4,962,094; and (5) U.S. Patent No. 5,702,719. Immudyne seeks declarations of invalidity of all asserted claims except those of the '719 Patent. The case is before the Court on Plaintiffs' motions in limine. The Court considers the motions in turn.

*Plaintiffs' motion in limine to exclude references to prior conviction*

In 1988, Biothera's chief executive officer, Daniel Conners, was convicted of wire fraud, embezzlement of bank funds, and making false entries in bank records. *United States v. Conners*, 894 F.2d 987, 989 (8th Cir. 1990). He was released from confinement in 1992.

Plaintiffs move to exclude evidence of his convictions. *See* Fed. R. Evid. 609(b). Immudyne asserts that the Court should reserve ruling on the motion until trial. Immudyne states that it will not refer to Conners's convictions in its opening statement or cross-examination of other witnesses until the Court rules on the motion. The Court reserves ruling on this motion until trial.

### *Plaintiffs' motion in limine to exclude evidence regarding the Texas state court litigation between Biothera and Immudyne*

Plaintiffs move to exclude evidence regarding litigation in Texas state court between Immudyne and Biothera. Biothera contends that the evidence is not relevant and that, even if the evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 401-403.

Immudyne opposes the motion. Immudyne asserts that evidence of the Texas case is probative of its defense to Biothera's claims of infringement and willful infringement of the '719 Patent. At the pretrial conference, Biothera agreed to withdraw its claim of willful infringement of the '719 Patent.

The Court declines to issue a blanket ruling that evidence regarding the Texas litigation is irrelevant or inadmissible under Rule 403. The Court therefore denies Biothera's motion. The Court will consider objections made by Biothera to specific evidence regarding the Texas case at trial.

### *Plaintiffs' motion in limine to preclude Immudyne from denying that Biothera is the owner or exclusive licensee of the patents-in-suit*

Plaintiffs move to preclude Immudyne from denying that Biothera owns or has an exclusive license to the patents-in-suit. Asserting that Immudyne has never challenged Biothera's ownership of the '324 and '094 Patents or exclusive licenses to the '540 and '972 Patents, Biothera contends that Immudyne should not be allowed to argue for the first time at

2

trial that Biothera lacks standing to sue for infringement of those patents. With regard to the '719 Patent, Biothera contends that "Immudyne has never disputed that Biothera is the exclusive licensee of the '719 Patent in this case." Instead, Biothera contends, Immudyne chose to challenge Biothera's rights in the '719 Patent in Texas state court. Biothera asks the Court to "force Immudyne to stick with its choice of forum." The Court rejects these arguments.

Biothera bears the burden of demonstrating that it has standing to sue Immudyne for patent infringement. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338 (Fed. Cir. 2007); *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). Immudyne's alleged failure to dispute Biothera's ownership of or licenses to the patents-in-suit earlier in this action does not excuse Biothera from establishing its standing. *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1367-68 (Fed. Cir. 2003); *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1300 n.1 (Fed. Cir. 2001); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1019 (Fed. Cir. 2001) (per curiam). The Court therefore denies Biothera's motion.

### *Plaintiffs' motion in limine to exclude evidence that Immudyne has a license to the '719 Patent*

Plaintiffs move to exclude evidence that Immudyne has a license to the '719 Patent. Citing the Court's denial of Immudyne's motion for summary judgment on Biothera's claim for infringement of the '719 Patent, Biothera asserts that the Court has already rejected Immudyne's license defense. Immudyne contends that the issue of whether it has a license to the '719 Patent remains an open question. The Court's denial of Immudyne's motion for partial summary judgment did not resolve the issue of whether Immudyne has a license to the '719 Patent. Accordingly, the Court denies Biothera's motion.

### *Plaintiffs' motion in limine to exclude reference to Immudyne's ownership of the '719 Patent*

Given the current status of the Texas state court litigation, Plaintiffs acknowledge that Immudyne owns the '719 Patent. Plaintiffs move to exclude any reference to Immudyne's ownership of the patent because the evidence is irrelevant and unfairly prejudicial. The evidence is irrelevant, Plaintiffs argue, because Immudyne's ownership of the patent does not provide a defense to Biothera's claim of infringement of the '719 Patent. Plaintiffs also contend that the evidence is unfairly prejudicial because the jury may base its verdict on the belief that Immudyne, as the owner of the patent, should have the right to practice the patent even if Immudyne has no right to do so.

Immudyne opposes the motion. It appears that Immudyne intends to offer evidence of its ownership of the '719 Patent to counter Biothera's claim of willful infringement. As noted above, Biothera agreed to withdraw its claim of willful infringement of the '719 Patent. Evidence of Immudyne's ownership of the '719 Patent may nevertheless be relevant to other issues in this case. The Court reserves ruling on this motion until trial.

### *Plaintiffs' motion in limine to preclude Immudyne from calling undisclosed witnesses at trial*

Plaintiffs move to preclude Immudyne from calling witnesses Immudyne did not either disclose in its Rule 26(a)(1) disclosures or depose in this case. Identifying two witnesses at issue, Immudyne opposes the motion. The parties have not adequately addressed the relevant factors. *See* Fed. R. Civ. P. 37(c)(1); *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003); *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002). The Court reserves ruling on this motion until trial.

*Plaintiffs' motion in limine to preclude Immudyne's technical expert from testifying regarding opinions found in expert reports in the Biotec case*

Plaintiffs move to preclude Immudyne's technical expert, Kevin Waddick, from testifying at trial about opinions reached by an expert in a different case. Plaintiffs assert that Waddick's report failed to disclose the basis and reasons for some of his opinions because Waddick concurred with and incorporated another expert's opinions regarding invalidity in his report. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). Plaintiffs also assert that it is improper for an expert to incorporate arguments from another expert who will not testify. Immudyne opposes the motion. Immudyne asserts that it will not offer the other expert's report at trial and that Waddick will testify to his own opinions and conclusions regarding invalidity. The Court is not persuaded that Waddick failed to disclose the basis and reasons for his opinions or that Waddick is nothing more than a conduit for the other expert's opinions. *Cf. Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997). Accordingly, the Court denies Plaintiffs' motion.

*Standing*

The parties' written submissions did not focus on how to try issues related to Biothera's standing. At the final pretrial conference, Biothera suggested a separate bench trial on the issue of standing. Whether Biothera has standing to assert any of the patents-in-suit is a question of law. *Israel Bio-Eng'g Project v. Amgen Inc.*, 475 F.3d 1256, 1262 (Fed. Cir. 2007); *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376 (Fed. Cir. 2000). A district court may address challenges to standing in a variety of ways. *Israel Bio-Eng'g Project*, 475 F.3d at 1263; *see Lucent Techs., Inc. v. Gateway, Inc.*, 543 F.3d 710, 720-22 (Fed. Cir. 2008) (affirming district court's grant of judgment as a matter of law based on lack of standing); *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291 (Fed. Cir. 2008) ("We agree with the majority of the regional circuits that the degree of intertwinement of jurisdictional facts and facts

underlying the substantive claim should determine the appropriate procedure for resolution of those facts. This inquiry can present complex questions."); *Ajinomoto Co. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1342-43 (Fed. Cir. 2000) (affirming district court's post-trial ruling that plaintiff had standing); *Medtronic Sofamor Danek USA, Inc. v. Globus Med., Inc.*, Civ. No. 06-4248, 2009 WL 2138486, at *2-15 (E.D. Pa. July 16, 2009) (re-opening record after trial and concluding that some plaintiffs lacked standing); *Hypoxico Inc. v. Colo. Altitude Training*, Civ. No. 02-6191, 2009 WL 1528539, at *3-4 (S.D.N.Y. May 29, 2009) (denying motion to dismiss for lack of subject matter jurisdiction after trial); *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l, LLC*, No. C 07-00692 WHA, 2008 WL 4919400, at *2 (N.D. Cal. Nov. 17, 2008) (recounting that bench trial on standing was held before jury trial on infringement and invalidity); *Tyco Healthcare Group LP v. Ethicon Endo-Surgery, Inc.*, 531 F. Supp. 2d 282, 283 (D. Conn. 2008) (granting motion for judgment as a matter of law on the ground that the plaintiff failed to prove ownership of the patents-in-suit). As noted above, Plaintiffs bear the burden of establishing their standing. The Court will determine whether they have satisfied that burden based on the evidence received at trial.[1]

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

    1.    Plaintiffs' motion in limine to exclude references to prior conviction [Docket No. 174] is RESERVED.

---

[1] To date, the parties have not seriously disputed Plaintiffs' standing to assert the '540 Patent, the '972 Patent, the '324 Patent, and the '094 Patent. As to the '719 Patent, the Court rejected, in separate litigation, a challenge to Biothera's standing without definitively resolving what, if any, license to the '719 Patent Immudyne took in 1998. *Biopolymer Eng'g, Inc. v. Immunocorp*, Civ. No. 05-536, 2009 WL 1255452, at *12-13 (D. Minn. Feb. 18, 2009).

2. Plaintiffs' motion in limine to exclude evidence regarding the Texas state court litigation between Biothera and Immudyne [Docket No. 176] is DENIED.

3. Plaintiffs' motion in limine to preclude Immudyne from denying that Biothera is the owner or exclusive licensee of the patents-in-suit [Docket No. 180] is DENIED.

4. Plaintiffs' motion in limine to exclude evidence that Immudyne has a license to the '719 Patent [Docket No. 183] is DENIED.

5. Plaintiffs' motion in limine to exclude reference to Immudyne's ownership of the '719 Patent [Docket No. 184] is RESERVED.

6. Plaintiffs' motion in limine to preclude Immudyne from calling undisclosed witnesses at trial [Docket No. 185] is RESERVED.

7. Plaintiffs' motion in limine to preclude Immudyne's technical expert from testifying regarding opinions found in expert reports in the Biotec case [Docket No. 186] is DENIED.

Dated: September 4, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge